ADAM ORTSEIFEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 12900.   Promulgated January 18, 1929.

*Walter A. Wade, Esq.*, for the petitioner.
*John J. Greaney, Esq.*, for the respondent.

**1404**

OPINION.

TRAMMELL: The only issue involved in this proceeding is whether the respondent erred in disallowing the contributions set out in the findings of fact.

With reference to the allowance to individuals of deductions for contributions, the Revenue Act of 1921 provides:

SEC. 214. (a) That in computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(11) Contributions or gifts made within the taxable year to or for the use of: (A) The United States, and State, Territory or any political subdivision thereof, or the District of Columbia for exclusively public purposes; (B) any corporation, or community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including posts of the American Legion or the Women's auxiliary units thereof, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual; \*   \*   \*.

The petitioner concedes that the contribution to the society against prohibition is not allowable and consideration of that item therefore becomes unnecessary.

With respect to the contribution forwarded to Bishop Dondekan, the evidence fails to show whether these societies for which Dondekan was acting were within the classes designated by the statute, nor does the evidence show that the contribution was to a community chest, fund or foundation. In the absence of such evidence, we can not hold that the action of the respondent in disallowing the contribution is erroneous.

With respect to the contribution designated " R. R. F. C. Kelley $5," while it appears that this contribution was made in fact to the Catholic Church Extension Society, there is no evidence as to whether it was a corporation organized exclusively for religious or charitable purposes. We can not make a determination as to the essential fact from the name of the donee alone, nor can we take judicial notice as to the manner of organization and purpose of an organization, which receives contributions.

We must therefore affirm the action of the respondent as to the deduction to Bishop Dondekan, to the society against prohibition, and to R. R. F. C. Kelley.

We are satisfied that the remaining contributions are deductible under the above quoted section of the statute.

*Judgment will be entered under Rule 50.*